UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY RICE, *et al.*,

    Plaintiffs,

  v.  :  Civil Action No. 00-2960 (JR)

UNITED STATES OF AMERICA,

    Defendant.

**FILED**
NOV 27 2002
NANCY MAYER WHITTINGTON, CLERK
U S DISTRICT COURT

### MEMORANDUM ORDER

Plaintiffs are ranchers whose personal financial information, submitted to the U.S. Forest Service in connection with their permits for grazing on public lands, was released to an environmental group pursuant to a Freedom of Information Act request. They assert claims for violation of the Privacy Act, 5 U.S.C. § 552a. The United States moves for judgment on the pleadings, arguing, without limiting other defenses that it may later plead and prove, that the plaintiffs cannot maintain their claim absent proof that each individual sustained pecuniary "actual damages." Id. § 552a(g)(4)(A). On similar grounds, the government opposes the motion to certify a plaintiff class. For the reasons set forth below, the defendant's motion for judgment on the pleadings will be denied and the plaintiff's motion for class certification will be granted.

**Background**

Under the Forest Service's grazing permit program, permit holders may pledge their grazing privileges as collateral for bank loans. To document that a financial institution has accepted the pledges as collateral, the government requires the lender to complete a form listing the borrower's name; a legal description of all property and collateral (including livestock); the date, location, and terms of the grazing allotment; the lender's name; and the amount and due date of the mortgage.

In February 1999, the U.S. Forest Service released hundreds of these forms, called "escrow waivers," in response to several Freedom of Information Act (FOIA) requests by a New Mexico environmental group called Forest Guardians. Plaintiffs assert that they were never notified about the FOIA requests or about the decision to release the documents, and that the Forest Service was inconsistent in redacting personal information from the waiver forms. The plaintiffs further assert that Forest Guardians, who oppose grazing on public lands, have published some of the information on their website and may use the information in the future to attempt to drive the permit holders out of business.

The nine plaintiffs filed suit on December 11, 2000, arguing that the release of their personal financial information without their written consent violated the Privacy Act and the

Administrative Procedure Act.[1]  Plaintiffs seek to represent a class of an estimated 3,500 permit holders across eleven western states.  Their motion to certify the plaintiff class has been fully briefed and argued, but it has been stayed pending a decision on the issue presented by the instant motion, namely, whether in order to maintain a Privacy Act claim, a plaintiff must be able to prove pecuniary damages.

## Analysis

I.      **Motion for judgment on the pleadings**

The Privacy Act forbids the disclosure of "any record which is contained in a system of records by any means of communications to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."  5 U.S.C. § 552a(b).  When an agency fails to comply with this provision "in such a way as to have an adverse effect on an individual," the Privacy Act authorizes the bringing of a civil suit.  Id. § 552a(g)(1)(D).  If the court determines that the

---

[1] This is not the first litigation concerning the release of the escrow waivers.  A group of lenders and ranchers intervened when Forest Guardians sued in New Mexico to obtain redacted information and additional waivers that had been withheld.  The court concluded in that case that the U.S. Forest Service had acted arbitrarily and capriciously in failing to consider the personal nature of the information being released under the Forest Guardians' request.  Forest Guardians v. United States Forest Service, Civ. 99-615, slip op.(D.N.M. Jan. 29, 2001).

agency "acted in a manner which was intentional or willful," the United States is liable for attorneys fees, costs, and "actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." Id. § 552a(g)(4). Plaintiffs assert that emotional distress over the disclosure of personal financial information to persons assertedly trying to drive them out of business is enough to satisfy the "adverse effect" language of § 552a(g)(1)(D) and entitles them to recover $1,000 each under § 552a(g)(4) without proof of pecuniary, economic, or "special" damages.

Two decisions of the District of Columbia Circuit contain language indicating that a successful Privacy Act claimant may recover either the $1,000 statutory minimum or "actual damages," see Albright v. United States, 732 F.2d 181, 184, 186 (D.C. Cir. 1984); Waters v. Thornburgh, 888 F.2d 870, 872 (D.C. Cir. 1989), but in both cases the language was dicta. See also Tomasello v. Rubin, 167 F.3d 612, 618 n.6 (D.C. Cir. 1999)(declining to rule on whether damages for emotional distress are recoverable under the Privacy Act because the appellant had failed to raise the issue below). Thus, the question of what it takes to recover damages under § 552a(g)(4) remains undecided in this Circuit. There appears to be a split in the decisions of

other circuits, and indeed in the decisions of the judges of this Court.[2]

The most recent of these decisions, <u>Doe v. Chao</u>, 306 F.3d 170 (4th Cir. 2002), dealt with an argument the government advances here, that because the Privacy Act embodies a limited waiver of sovereign immunity, its ambiguities, if any, must be construed strictly in favor of the sovereign. <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 37 (1992); <u>Dep't of the Army v. Fed. Labor Relations Auth.</u>, 56 F.3d 273, 277 (D.C. Cir. 1995). In the <u>Doe</u> case, coal miners demanded Privacy Act damages after the Labor Department disclosed their Social Security numbers incident to the adjudication of their black lung compensation claims.  The Court of Appeals for the Fourth Circuit found that,

---

[2] <u>Wilborn v. HHS</u>, 49 F.3d 597, 603 (9th Cir. 1995)(statutory damages of $1,000 automatically granted upon finding of willful and intentional violation); <u>Johnson v. Dep't of Treasury, IRS</u>, 700 F.2d 971, 977-83 (5th Cir. 1983)(statutory minimum of $1,000 is recoverable even without proof of actual damages); <u>Fitzpatrick v. IRS</u>, 665 F.2d 327, 331 (11th Cir. 1982)(where plaintiff only demonstrated general mental injury without out-of-pocket losses, he was limited to $1,000 statutory minimum); <u>Parks v. IRS</u>, 618 F.2d 677, 682-83, 685 (10th Cir. 1982)(individual plaintiffs alleged viable claims for damages based on pure psychological harm); <u>Dong v. Smithsonian Inst.</u>, 943 F. Supp. 69, 74 (D.D.C. 1996)(actual damages include ordinary elements of compensatory damages such as mental depression). <u>But see</u> <u>Doe v. Chao</u>, 306 F.3d 170, 180-82 (4th Cir. 2002)(actual damages must be proven; emotional distress must be demonstrable); <u>Hudson v. Reno</u>, 130 F.3d 1193, 1207 & n.11 (6th Cir. 1997)(actual damages only involves out-of-pocket losses), <u>overruled in part on other grounds</u>, <u>Pollard v. E.I. du Pont de Nemours & Co.</u>, 532 U.S. 843 (2001); <u>Pope v. Bond</u>, 641 F. Supp. 489, 500-01 (D.D.C. 1986) (actual damages limited to out-of-pocket expenses); <u>Houston v. Dep't of Treasury</u>, 494 F. Supp. 24, 30 (D.D.C. 1979)(same).

except for Mr. Doe, no appellant could even show an adverse effect from the release of the social security numbers, Doe v. Chao, at 182 n. 7, let alone actual damages, and that Doe's proof of emotional distress was too far below the level demanded by Fourth Circuit precedent to establish actual damages. Id. at 180-82.

The Court will assume (but does not decide) that the strict construction rule applicable to waivers of sovereign immunity requires that § 552a(g)(4) be read as narrowly as the Fourth Circuit reads it. But even such a narrow reading does not require the entry of judgment on the pleadings in this case. The plaintiffs have alleged that the release of their escrow waivers to the public, and especially to Forest Guardians, caused them harm.[3]  The decision in Albright v. United States, 732 F.2d 181, 186 (D.C. Cir. 1984), establishes that, in this Circuit at least, "emotional trauma alone is sufficient to qualify as an 'adverse effect'." And even the Doe v. Chao decision concedes that the Privacy Act does not require proof of pecuniary, economic, or "special" damages.  It acknowledges the statute's provision "by way of incentive to suit, for at least a minimum recovery even where actual damages are minimal," 306

---

[3] Although plaintiffs do not allege emotional injury in the complaint, they assert it in their motion papers, Pl.'s Opp. to Def.'s Mot. Judgment on Pleadings at 25, and presumably can and will prove emotional harm.

F.3d at 177, and further acknowledges the possibility of recovery for non-pecuniary damages, denying them to Doe only because his proof was insufficient even to meet the "minimal" threshold requirement, id.  In the preamble to the Privacy Act, Congress stated that its purpose was to subject federal agencies "to civil suit for any damages which occur as a result of willful or intentional action which violates any individual's rights under this Act." Pub. L. 93-579, § 2, 88 Stat. 1897 (1974)(reprinted at 5 U.S.C. § 552a Note)(emphasis added); see also Johnson v. Dep't of Treasury, IRS, 700 F.2d 971, 975 (5th Cir. 1983)(noting the preamble language).

Plaintiffs will have to prove "actual damages" in order to prevail in this case -- and indeed, before they get to that point, they will have to prove that the Forest Service "acted in a manner which was intentional or willful."  The nature of the required proof of actual damages, however, and the quantum of proof that will be necessary to meet the "minimal" threshold for a $1,000 recovery under the Privacy Act, remain to be determined.

## II.      Class certification

To obtain class certification, the named plaintiffs must satisfy each of the four prerequisites under Fed. R. Civ. P. 23(a) -- numerosity, commonality, typicality, and adequacy of

representation -- and the criteria of Fed. R. Civ. P. 23(b)(2) or 23(b)(3).  Here, plaintiffs seek class certification for:

> All individual federal grazing permittees who have escrow waiver documents on file with the USFS [U.S. Forest Service] and whose personal, financial, and other private information contained in the escrow waiver documents was publicly disclosed by the USFS to the Forest Guardians in response to a Freedom of Information Act ("FOIA") request made by the Forest Guardians.

They seek relief in the form of a declaratory judgment that the U.S. Forest Service willfully or intentionally violated the Privacy Act by releasing the escrow waivers to Forest Guardians, and statutory damages of $1,000 for each class member.

There is no dispute among the parties that the proposed class of approximately 3,500 members satisfies the numerosity requirement because joinder of all members is impracticable. Commonality and typicality are established by the central fact of the apparent wholesale release of escrow waivers and by the fact that the suit alleges the same type and amount of harm to each class member.  Plaintiffs and their counsel can adequately and fairly represent the interests of the class members.

The government's response to the class certification motion is that, because each class member would have to prove actual damages, the specific nature of the "adverse effect," and causation on an individualized basis, the questions of law of fact common to the putative class do not "predominate." Fed. R.

Civ. P. 23(b)(3). However, the proposed class seeks only the statutory minimum of $1,000 in damages for its members, and because the proof of damages for emotional distress need be only "minimal," the determination of damages for putative class members would not be a complicated matter. A person whose escrow waiver form was improperly released to Forest Guardians could establish a prima facie case of emotional or dignitary injury by a simple certification, leaving it to the government to decide whether to challenge the credibility of that certification or attempt to measure the quantity of injury.

Plaintiffs seek declaratory and injunctive relief in addition to their claim for damages, and at $1,000 per person it cannot easily be argued that money damages predominate. Thus, plaintiffs' proposed class action is maintainable under either subsection (b)(2) or subsection (b)(3) of Rule 23. A status conference will be set to consider the future course of this class action and matters raised by Fed. R. Civ. P. 23(c) and 23(d).

It is accordingly this 26th day of November, 2002,

ORDERED that defendant's motion for judgment on the pleadings [#16] is **denied**. It is

FURTHER ORDERED that plaintiffs' motion for class certification [#12] is **granted**. And it is

FURTHER ORDERED that a status conference is set for **December 16, 2002, at 4:30 p.m.**, to consider, among other things, whether this action should proceed under Fed. R. Civ. P. 23(b)(2) or 23(b)(3) and the proper manner of notice to putative class members.

_____
JAMES ROBERTSON
United States District Judge

Copies to:

Douglas S. Burdin
Hunton & Williams
1900 K Street, N.W.
Washington, DC 20006

Karen Budd-Falen
Richard W. Walden
Budd-Falen Law Offices, P.C.
Post Office Box 346
Cheyenne, WY 82003

David A. Domina
Nara Kane
Domina Law, P.C.
1065 North 115th Street
Suite 150
Omaha, NE 68154

Counsel for Plaintiffs

Jane M. Lyons
Assistant U.S. Attorney
Judiciary Center, Room 10-116
555 Fourth Street, N.W.
Washington, DC 20001

Counsel for Defendant