UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY RICE, *et al.*,           :
                               :
        Plaintiffs,            :
                               :
    v.                         :  Civil Action No. 00-2960 (JR)
                               :
UNITED STATES OF AMERICA,      :
                               :
        Defendant.             :

**MEMORANDUM ORDER**

Plaintiffs are ranchers who complain that their personal financial information, submitted to the U.S. Forest Service in connection with their permits for grazing on public lands, was released to an environmental group in response to a Freedom of Information Act request.  They assert claims for violation of the Privacy Act, 5 U.S.C. § 552a, on behalf of a plaintiff class, and they seek relief in the form of statutory damages of $1,000 for each class member and a declaratory judgment that the U.S. Forest Service willfully or intentionally violated the Privacy Act.

I certified a plaintiff class on November 27, 2002, after finding that there was no dispute that the proposed class satisfied the numerosity requirement; that "commonality and typicality are established by the central fact of the apparent wholesale release of escrow waivers and by the fact that the suit alleges the same type and amount of harm to each class member";

and that questions of law or fact common to the putative class could predominate because proof of "proof of damages for emotional distress need only be minimal," and would "not be a complicated matter."  Rice v. United States, 211 F.R.D. 10, 14 (D.D.C. 2002).

The United States now moves for reconsideration of that certification decision.  The government's first argument, that I lack jurisdiction over the claims brought by the class, relies upon the Supreme Court's decision in Doe v. Chao, 124 S. Ct. 1204 (2004).  Chao originally involved plaintiffs seeking to represent a class of persons whose social security numbers were disclosed by the Department of Labor.  The district court denied class certification and granted summary judgment for one plaintiff, Buck Doe, reasoning that he had offered sufficient incontrovertible evidence (in an affidavit) that he had suffered "actual damages" in the form of emotional distress as a result of the disclosures.  The court granted summary judgment for the defendant with respect to the claims of all other plaintiffs, however, finding that they had failed to present evidence of any type of harm.  Doe v. Herman, 2000 WL 34204432, *2-3 (W.D. Va. 2000).  The Fourth Circuit reversed on Buck Doe's claims, concluding that "actual damages are a prerequisite to the recovery of statutory minimum damages, and [that] Buck Doe utterly failed to produce evidence sufficient to permit a

rational trier of fact to conclude that he suffered any actual damages."  Doe v. Chao, 306 F.3d 170, 181 (4th Cir. 2002)(internal quotations omitted).  The Supreme Court agreed with the Fourth Circuit, holding that Doe had failed to corroborate his claim of emotional distress with evidence of physical symptoms, medical treatment, loss of income, etc.  Chao, 124 S. Ct. at 1207, 1212.

Chao concerned the merits of Doe's claims, not class certification.  As a general rule, a court should not inquire into the merits of a claim at the class certification stage.  Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177 (1974).[1]  In order to determine whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), however, it is appropriate to inquire into the type of proof required to show actual damages.  I took up this issue in certifying the class and resolved it in plaintiffs' favor:

> [Because] the proposed class seeks only the statutory minimum of $1,000 in damages for its members, and because the proof of damages for emotional distress need be only "minimal," the determination of damages for putative class members would not be a complicated matter.  A person whose escrow waiver

---

[1] Class certification was denied in Chao on the ground that typicality could not be satisfied where, except for Buck Doe, no named plaintiff could show any actual damages.  Chao, 306 F.3d at 183-84.

> form was improperly released to Forest
> Guardians could establish a prima facie
> case of emotional or dignitary injury by
> a simple certification, leaving it to
> the government to decide whether to
> challenge the credibility of that
> certification or attempt to measure the
> quantity of injury.

Rice, 211 F.R.D. at 14.  My decision on this issue does not run afoul of Chao, because plaintiffs will ultimately be required to show proof of actual damages.  Exactly what qualifies as "actual damages" is a matter that Chao expressly left open for development at the circuit level.  124 S. Ct. at 1212 n.12.  The D.C. Circuit has held that emotional trauma qualifies as an "adverse effect" under the Privacy Act and has not ruled out the possibility that "non-economic injuries or damages other than out-of-pocket expenses" could constitute actual damages. Albright v. United States, 732 F.2d 181, 186 (D.C. Cir. 1984). Whether the proof of damages that plaintiffs will eventually present will be enough to establish actual damages under the law of this Circuit is an interesting question, but is not one that I must answer -- or can answer -- at this time.  The determination of damages for putative class members will not be so complicated as to make the questions of individual class predominate over questions of law or fact common to the members of the class.

Defendant makes a second argument for reconsideration, this one asserting that the class was improperly certified under

subsection (b)(2) of Rule 23.  In granting class certification, I reasoned that:

> Plaintiffs seek declaratory and injunctive relief in addition to their claim for damages, and at $1,000 per person it cannot easily be argued that money damages predominate.  Thus, plaintiffs' proposed class action is maintainable under either subsection (b)(2) or subsection (b)(3) of Rule 23.

Rice, 211 F.R.D. at 14.  Defendant correctly points out that the Privacy Act does not provide for either declaratory or injunctive relief for past disclosures made in violation of the Act. Hastings v. Judicial Conference, 770 F.2d 1093, 1104 (D.C. Cir. 1985).[2]  There is some authority, however, for the proposition that such relief is available under the APA.  See Chao, 124 S.Ct. at 1208 n.1; Doe v. Stephens, 851 F.2d 1457, 1465-66 (D.C. Cir. 1988).[3]  It is true that plaintiffs' only reference to the APA is

---

[2] Plaintiffs point to Haase v. Sessions, 893 F.2d 370, 374 n.6 (D.C. Cir. 1990), for the proposition that the general cause of action created under Section (g)(1)(D) of the privacy act leaves room for district courts to exercise their inherent equitable powers.  But the relevant language from Haase is dicta and appears to have been an attempt by the D.C. Circuit to leave open mechanisms for district courts to address violations (e.g., the collection of information on an individual's exercise of first amendment rights) that might be akin to ongoing violations.

[3] Stephens, 851 F.2d at 1465, suggests that equitable relief may be available under the APA even if a plaintiff did not specifically premise a claim for equitable relief on the APA. But the Stephens court only considered the APA because "doing so in [that] case allowed [the court] to stop short of resolving [plaintiff's] fourth amendment and right of privacy claims, thereby furthering an even more important principle of judicial restraint: the principle of avoiding constitutional questions if

a label preceding a section of the complaint that does not discuss the APA, Compl., at 5-6, but amendment is liberally granted and may become necessary at some later point to cure this defect.

Defendant's motion to reconsider [53] is **DENIED**.  The deputy clerk will contact the parties to set a status conference to discuss how this action should proceed.

```
                                    JAMES ROBERTSON
                              United States District Judge
```

---

at all possible."  Id. (internal quotations omitted).