**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| GARY RICE, *et al.*, | : |   |
|   | : |   |
|     Plaintiffs, | : |   |
|   | : |   |
|     v. | : | Civil Action No. 00-2960 (JR) |
|   | : |   |
| UNITED STATES OF AMERICA, | : |   |
|   | : |   |
|     Defendant. | : |   |

### MEMORANDUM

The plaintiffs in this class action are ranchers who submitted personal financial information to the U.S. Forest Service in connection with their permits for grazing on public lands and later discovered that the information had been released to a conservation group in response to a Freedom of Information Act (FOIA) request. They assert claims for violation of the Privacy Act, 5 U.S.C. § 552a, and seek relief in the form of statutory damages of $1,000 for each class member and a declaratory judgment that the U.S. Forest Service willfully or intentionally violated the Privacy Act. The government moves for summary judgment, asserting that plaintiffs lack standing, that they cannot demonstrate that the government is liable, and that they have suffered no "actual damages." Plaintiffs cross-move for partial summary judgment on liability only. For the reasons set forth below, the government's motion will be granted as to

the named plaintiffs, plaintiffs' motion will be denied, and the class will be decertified.

## BACKGROUND

Holders of Forest Service grazing permits may use their permits as supplemental collateral for bank loans and mortgages. When a permit is used in this way, the permit holder must give the Forest Service an "escrow waiver" that lists the names of the permit holder and the lender, the date and terms of the grazing permit, and the terms of the mortgage.[1]

Beginning in July 1998, the Forest Guardians, a conservation group that opposes grazing on public lands, filed separate FOIA requests in six Forest Service regional offices seeking copies of escrow waiver forms.  Each office processed these requests separately and without notifying the permit holders.  Some regions released lists of permit holders, while others provided redacted versions of the waivers.  The Forest Service has acknowledged that these redactions were not conducted in a consistent manner - information contained in the forms was

---

[1] The "escrow waiver" in this case is a form used by the Forest Service to identify a lien holder, so that, in the event of default on the loan, the grazing permit can be transferred to the lien holder. See Information Collection; Request for Comments; Grazing Permit Administration Forms, 70 Fed. Reg. 70578 (Nov. 22, 2005).  While the mortgage is pending, the lender holds the permit in escrow and the borrower retains use of the permit. If the borrower defaults on the loan, the permit rights transfer to the lender. Forest Guardians v. United States Forest Service, Civ. No. 99-615, Mem. Op. and Order at 3 (D.N.M. Jan. 12, 2001).

released in various combinations and included the names of the permit holders, descriptions of their property, the identity of lenders, and the due dates of loans. According to the plaintiffs, the Forest Guardians have published some of the information on their website and may use the information in the future to attempt to drive the permit holders out of business.

The nine named plaintiffs filed suit on December 11, 2000, and on November 27, 2002, I denied the government's motion for judgment on the pleadings and certified the class. <u>Rice v. United States</u>, 211 F.R.D. 10 (D.D.C. 2002).

## ANALYSIS

The Privacy Act forbids agency disclosure of "any record...contained in a system of records" without the written consent of the "individual to whom the record pertains." 5 U.S.C. § 552a(b). Although there is an exception to this rule if disclosure of the record is required by FOIA, 5 U.S.C. § 552a(b)(2), FOIA Exemption Six provides that its disclosure requirements do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).[2]

---

[2] In a FOIA suit brought by the Forest Guardians against the U.S. Forest Service, in which organizations of grazing permit holders and lending institutions intervened, the United States District Court for the District of New Mexico ruled that the Forest Service had failed to give sufficient weight to the

A cause of action arises under the Privacy Act when an agency violates the Act "in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). If the court determines that the agency "acted in a manner which was intentional or willful," the United States is liable for "actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000," as well as costs and attorneys fees. Id. § 552a(g)(4)

The government argues that these plaintiffs do not have standing to sue under the Privacy Act,[3] because the records released to the Forest Guardians are business records, because the Privacy Act only applies to "individuals," and not to businesses, corporations, or sole proprietorships. See Nat'l Parks and Conservation Ass'n v. Kleppe, 547 F.2d 673, 685 n.44 (D.C. Cir. 1976). See also St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1373 (9th Cir. 1981); Dresser Industries, Inc. v. United States, 596 F.2d 1231, 1237-38 (5th

---

privacy interests of permit holders under FOIA Exemption Six and that the release of permit information was therefore improper. Forest Guardians v. United States Forest Service, Civ. No. 99-615, Mem. Op. and Order (D.N.M. Jan. 12, 2001).

[3]Plaintiffs argue that the Court, by certifying the class, has already ruled on the standing question, but it is well established that standing "can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, *sua sponte*, by the court." Steffan v. Perry, 41 F.3d 677, 697 n.20 (D.C. Cir. 1994).

Cir. 1979).  The government contends that some plaintiffs, among them lead plaintiff Gary Rice, base their suit on the release of an escrow waiver that was issued to a corporation, rather than to an individual, and that other plaintiffs lack standing because the information released by the agency involves the operation of ranching businesses.

This standing argument is rejected.  All of the plaintiffs sue in their individual capacities.  They complain about the release of business and financial information that pertains to them as individuals.  As several other courts have observed, the line between personal and business information is blurred for farmers, ranchers, and other family-owned businesses, and a strict adherence to the requirement that only "individuals" have standing would deny them any rights under the Privacy Act or FOIA Exemption Six.  See Campaign for Family Farms v. Glickman, 200 F.3d 1180, 1189 (8th Cir. 2000)("An overly technical distinction between individuals acting in a purely private capacity and those acting in an entrepreneurial capacity fails to serve the exemption's purpose of protecting the privacy of individuals."); Multi AG Media LLC v. Dep. of Agriculture,  2006 WL 2320941, *2 (D.D.C. 2006)(Kennedy, J.)("[B]usinesses and corporations generally do not have a protectible privacy interest" under Exemption Six, but "an exception is usually made for family-owned or closely held businesses whose financial

interests are identical to the financial interests of one or a few individuals."); Doe v. Veneman, 230 F.Supp.2d 739, 749 (W.D. Tex. 2002)(the Department of Agriculture erroneously labeled individual ranchers as businesses based on either the number of livestock they owned or the fact that they had a name for their ranch), rev'd in part on other grounds, 380 F.3d 807 (5th Cir. 2004).

The government next argues that plaintiffs lack standing because they have not demonstrated that they suffered an "adverse effect" as required under the Privacy Act. 5 U.S.C. § 552a(g)(1)(D). Plaintiffs' assertions of emotional injury were sufficient to survive the government's motion for judgment on the pleadings, see Rice, 211 F.R.D. at 13 (citing Albright v. United States, 732 F.2d 181, 184, 186 (D.C. Cir. 1984)("[E]motional trauma alone is sufficient to qualify as an adverse effect.")), but in order to survive a motion for summary judgment, those assertions require evidentiary support. Lewis v. Casey, 518 U.S. 343, 357-58 (1996)(noting that although general factual allegations of injury are sufficient "at the pleading stage," in response to a summary judgment motion, "the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.")(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Plaintiffs have satisfied this burden - at the last moment - by submitting declarations with their reply brief [#95] in which named plaintiffs claim to have suffered "anger, dismay, anxiety, and fear about what has occurred and what could happen." See, e.g., Decl. of Gary Rice at ¶ 7; Decl. of Hugh McKeen at ¶ 7 [#95-2].  The government does not dispute the veracity of those declarations, and they are sufficient to establish plaintiffs' standing under the Privacy Act.

A closer question, however, is whether those same declarations provide sufficient evidence of "actual damages" to entitle plaintiffs to recover under the Act.  Proof of adverse effect alone does not entitle plaintiffs to recovery under the Privacy Act without a further showing of "actual damages."  Doe v. Chao, 540 U.S. 614, 625 (2004)("[A]n individual subjected to an adverse effect has injury enough to open the courthouse door, but without more has no cause of action for damages under the Privacy Act.").  See also Rice v. United States, 211 F.R.D. at *14 ("Plaintiffs will have to prove 'actual damages' in order to prevail in this case."); Rice v. United States, No. 00-2960, Mem. Order at 4 (D.D.C. June 15, 2004) [#58] ("[P]laintiffs will ultimately be required to show proof of actual damages.").

The government's position is that "actual damages" means proven, out-of-pocket, pecuniary loss.  The circuits are split on this question of what "actual damages" are, compare

Fitzpatrick v. IRS, 665 F.2d 327, 331 (11th Cir. 1982) (actual damages are restricted to pecuniary loss), with Johnson v. Department of Treasury, IRS, 700 F.2d 971, 972-974 (5th Cir. 1983) (actual damages can cover adequately demonstrated mental anxiety even without any out-of-pocket loss).  The Supreme Court left the question open in Chao, 540 U.S. at 627, n.12, and it remains unresolved in this Circuit.  See Albright v. United States, 732 F.2d 181, 186 (D.C. Cir. 1984)(leaving unanswered whether "non-economic injuries or damages other than out-of-pocket expenses" could constitute actual damages).

I need not resolve the question here.  Even assuming *arguendo* that non-pecuniary harm could qualify as actual damages, plaintiffs' declarations (their only evidence of actual damages)[4] fall short.  They assert only that the declarants suffer or have suffered from "anger, dismay, anxiety, and fear about what has occurred and what could happen."  See, e.g., Decl. of Gary Rice at ¶ 7 [#95-2]; Decl. of Wayne Bonham at ¶ 7 [#94-3].  Plaintiffs do not cite any cases in which such cursory descriptions of emotional harm has supported a finding of "actual damages" under the Privacy Act.  Even in those courts holding that non-pecuniary

---

[4] Plaintiffs offer as further proof of emotional damages a newspaper article about emotional damages suffered by a class member, Jimmy Gross, but this is inadmissible hearsay.  See Hartford Fire Ins. Co. v. The Socialist People's Libyan Arab Jamahiriya,  2007 WL 1876392, *14 (D.D.C. 2007); Hutira v. Islamic Republic of Iran, 211 F.Supp.2d 115, 123 (D.D.C. 2002).

emotional distress could qualify as actual damages, a level of severity beyond that which plaintiffs have shown here has been required.  See Johnson v. Department of Treasury, I.R.S., 700 F.2d 971, 974 (5th Cir. 1983)(plaintiff suffered from mental depression, loss of sleep and appetite, and weight loss); Boyd v. Snow, 335 F.Supp.2d 28, 39 (D.D.C. 2004)(Collyer, J.)(allowing plaintiff to prove actual damages at trial, where plaintiff alleged "severe emotional and physical harm, stress, sleeplessness and nightmares").

   The damages in this case more closely resemble those in Chao, in which the Fourth Circuit, while leaving open whether non-pecuniary emotional distress could qualify as "actual damages," found that Doe's claim would fail for lack of evidentiary support "regardless of the disposition of that issue."  Doe v. Chao, 306 F.3d 170, 181 (4th Cir. 2002).[5]  Doe had testified that he was "greatly concerned and worried" about the disclosure of his private information, that he felt the consequences of the disclosure could be "devastating," and that the disclosure had "torn [him] all to pieces."  Id.  Similarly, in Dong v. Smithsonian Inst., 943 F.Supp. 69 (D.D.C. 1996)(Kessler, J.), plaintiff's distress was found to be "not

---

[5] The Supreme court assumed without deciding that the Fourth Circuit was correct to hold that Doe's complaints did not rise to the level of alleging actual damages.  Chao, 540 U.S. at 627, n.12.

severe enough" to warrant damages where plaintiff "suffered from extensive and constant sleeplessness at night" but had not required either medical or psychiatric care and was not affected "in any other area of her life." Id. at 74. Plaintiffs in this case, like the plaintiff in Chao, have not produced any evidence to corroborate their statements, and they have not claimed that their emotional injuries produced any physical manifestation requiring them to seek medical or psychological treatment or impacted their life in any tangible way. Cf. Chao, 306 F.3d at 181. They have not raised a question of material fact as to whether they could demonstrate actual damages at trial. Therefore, their claim under § 552a(g)(4) must fail.

Plaintiffs' declaratory judgment claim fails as well, because the Privacy Act does not authorize declaratory relief. See Mem. Order [#58] at 5 (June 15, 2004)(citing Hastings v. Judicial Conference, 770 F.2d 1093, 1104 (D.C. Cir. 1985)). See also Doe v. Chao, 435 F.3d 492, 504 (4th Cir. 2006); Doe v. Stephens, 851 F.2d 1457, 1463 (D.C. Cir. 1988). As my previous opinion noted, there is some authority for awarding such relief under the APA, but plaintiffs' only reference to the APA is a label preceding a section of the complaint that does not discuss the APA. Mem. Order [#58] at 5. Although I advised the plaintiffs that "amendment is liberally granted and may become necessary at some later point to cure this defect," id. at 6,

they have not sought leave to amend their complaint in the three years since that opinion was issued.[6]

* * * * *

The government's motion for summary judgment will be granted as to the named plaintiffs, and plaintiffs' motion for partial summary judgment will be denied.  Furthermore, because the claims of unnamed class members could include at least some claims for which there is evidence of actual damages, and because summary judgment as to the class would preclude such claims, the class will be decertified.  The class representatives have not suffered "injuries similar to the injuries suffered by the other

---

[6] There is some question as to whether plaintiffs could recover costs and reasonable attorney fees under section 552a(g)(4) even without showing actual damages.  The Fourth Circuit, in Chao, held that section 552a(g)(4) makes the government liable for costs and reasonable attorney fees upon a finding that the government intentionally or willfully violated the Privacy Act, and that plaintiff suffered an adverse affect, even absent a showing of actual damages. Doe. v. Chao, 435 F.3d 492, 503 (4th Cir. 2006).  As Judge Michael's dissent in that case points out, however, the Supreme Court's preceding opinion in that case appears to foreclose such a recovery. Doe v. Chao, 540 U.S. 614, 625, n.9 (2004)("Nor are we convinced...that any plaintiff who can demonstrate that he was adversely affected by intentional or willful agency action is entitled to costs and reasonable attorney's fees under 5 U.S.C. § 552a(g)(4)(B) and is for that reason 'a person entitled to recovery' under subsection (g)(4)(A).").

class members," <u>Chao</u>, 306 F.3d at 184 (quoting <u>McClain v. South Carolina Nat'l Bank</u>, 105 F.3d 898, 903 (4th Cir. 1997).

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge